**NOTICE OF REMOVAL**

# COMPOSITE EXHIBIT A

## Record of State Court Action

***Chef's Warehouse Midwest, LLC v. CSX Transportation, Inc.***
**United States District Court, Southern District of Ohio, Western Division**

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| THE CHEFS' WAREHOUSE | : | A 1 7 0 4 3 9 3 |
| MIDWEST, LLC | : | Case No. _____ |
| 619 Linn Street | | |
| Cincinnati, Ohio 45203 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **VERIFIED COMPLAINT FOR** |
| CSX TRANSPORTATION, INC. | : | **INJUNCTIVE RELIEF AND** |
| Baltimore & Ohio Railroad | | **QUIET TITLE BASED ON** |
| c/o CT Corporation System | : | **EASEMENT BY** |
| 4400 Easton Commons Way Suite 125 | | **PRESCRIPTION** |
| Columbus, OH 43219 | : | |
| | | **WITH JURY DEMAND** |
| | : | |
| Defendant. | : | |
| | : | |

Now comes Plaintiff The Chefs' Warehouse Midwest, LLC (hereinafter "Plaintiff"), by and through counsel, and for its Complaint for quiet title based on easement by prescription against Defendant CSX Transportation, Inc. (hereinafter "Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff The Chefs' Warehouse Midwest, LLC is a foreign limited liability company for-profit. Plaintiff is registered to do business in and regularly does business in the State of Ohio.

2. Upon information and belief, Defendant, CSX Transportation, Incorporated, at all times relevant, was a foreign for-profit corporation, with its statutory agent listed as CT

1

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219,

and claims to be the owner of the property that is the subject of this action.

3. Jurisdiction and venue are proper in this Court as all parties to this action as all parties

regularly conduct business in Hamilton County, Ohio, own property in Hamilton County,

Ohio, and the property at issue is located in Hamilton County, Ohio.

## FACTUAL BACKGROUND

4. Plaintiff restates and incorporates by this reference each allegation contained in

paragraphs 1 through 3 as if fully set forth herein.

5. Plaintiff owns property at 619 Linn Street, Cincinnati, Ohio which is comprised of

Hamilton County Parcel Identification Numbers 138-4-322, 138-5-138, 138-5-206, 138-

5-240, 138-5-254, 138-5-262, 138-5-263, 138-5-264, and 138-5-266 ("hereinafter

collectively "Chefs' Warehouse Site" or "Site").

6. The legal description for the Chefs' Warehouse Site is a part of the deed conveying the

property to Plaintiff, a copy of which is attached as **Exhibit A.**

7. Plaintiff acquired the Chefs' Warehouse Site from Mullaghan Properties, LLC on

December 28, 2012.

8. Plaintiff is a food distribution operation that operates from the Chefs' Warehouse Site.

9. The predecessors in title to the Chefs' Warehouse Site from approximately 1985 to

present include Mullaghan Properties, LLC, Queensgate Properties, LLC, Cord Real

Estate, LLC, Cameron W. Cord, SSTJ, Inc., MAC Storage Co., Squeris Cash & Carry

Inc,, Charles A Squeri, and Robert J. Imbus, Trustee.

10. A list of the approximate dates at which the above-described predecessors-in-title owned

the Chefs' Warehouse Site is attached hereto as **Exhibit B.**

2

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

11. The same building, fences, walls, and access points have existed as part of the food distribution operation at the Chefs' Warehouse Site throughout its ownership by all of the above-mentioned predecessors in title.

12. The Chefs' Warehouse Site has operated continuously as a food distribution business for at least forty (40) years.

13. Plaintiff and its predecessors in title have occupied and have been title owners of the Chefs' Warehouse Site described in Exhibit A continuously for at least forty (40) years.

14. Through that time, the Plaintiff and its predecessors in title have utilized an exit to the stub end of West 6th Street across property over which Defendant claims ownership.

15. A copy of the parcel map identifying the Chefs' Warehouse Site is attached as **Exhibit C.**

16. A copy of an aerial map identifying the Chefs' Warehouse Site is attached as **Exhibit D**.

17. Defendant owns Hamilton County, Ohio Parcel Identification Number 138-5-208, the Hamilton County Auditor Record for which is attached as **Exhibit E** (hereinafter "CSX Parcel").

18. The Chefs' Warehouse Site has two access points to public streets: the first is on the northwest end of the Site on Dalton Avenue, and the second is on the southeast end of the Site just north of the stub of West 6th Street.

19. The southeast vehicular access utilized by Plaintiff for egress extends from the Chefs' Warehouse Site, crosses a small but critical portion of the CSX Parcel, and within a few feet proceeds on a portion of right of way that is a stub to West 6th Street.

20. The path vehicles take to exit Plaintiff's property over the CSX Parcel to the W. 6th Street/Linn Street right of way is shown as a green dashed line on the attached **Exhibit F**.

3

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

21. The property purportedly owned by Defendant which is the subject of this litigation is depicted in red on the attached **Exhibit G** (hereinafter "West Sixth Street Exit")

22. The West Sixth Street Exit is approximately 767 s.f. in area.

23. Plaintiff, or its predecessors-in-title, has been in open, continuous, adverse, notorious and actual use of the West Sixth Street Exit to, among other things, provide daily egress access from the Chefs' Warehouse Site by itself, its employees, customers, vendors, distributors, delivery trucks, and any other vehicles or individuals accessing the Chefs' Warehouse Site. Said use of the West Sixth Street Exit being adverse to any right, title and interest of Defendant.

24. Plaintiffs' predecessors in title are also predecessors in interest to the Chefs' Warehouse Site and to the West Sixth Street Exit.

25. Hundreds of vehicles per day used the West 6th Street Exit from the Chefs' Warehouse Site, and have done so for at least the past forty (40) years.

26. The vehicles which utilize the West 6th Street Exit at the Chefs' Warehouse Site include, but are not limited to: Plaintiff's employees, customers, vendors, and other ancillary delivery vehicles.

27. Plaintiff has openly carried on its use of the West 6th Street Exit for vehicular egress for well over twenty-one (21) years on an almost daily basis.

28. Plaintiff maintains markings and signage on and around the West 6th Street Exit which indicate its ongoing usage as vehicular access for the Chefs' Warehouse Site.

29. The photos attached hereto as **Exhibit H** indicate some of the open and notorious references to the Plaintiff's use of the West 6th Street Exit for access to the Chefs' Warehouse Site, including signage and asphalt markings.

4

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

30. The sign in Exhibit H1 demarcating the West 6th Street as an exit for Plaintiff's business at the Chef's Warehouse Site has been in place for a period exceeding twenty one (21) years.

31. Defendant's letter to Plaintiff dated July 14, 2017 and attached hereto as **Exhibit I** references the West Sixth Street Exit owned by Defendant.

32. In Defendant's letter Exhibit I, Defendant admits that Plaintiff's use of the West Sixth Street Exit is hostile and adverse to Defendant by indicating that Defendant "has never authorized" the use of its property, including that portion which includes the West Sixth Street Exit.

33. On or about July 24, 2017, the Defendant barricaded the West Sixth Street Exit, preventing vehicles attempting to access the Chefs' Warehouse Site from using the West 6th Street Exit.

34. The photographs attached as **Exhibit J** show the barricades that Defendant placed on the property comprising the West Sixth Street Exit.

35. The building at the Chefs' Warehouse Site is an "L-Shaped" building, a portion of which extends under the West 6th Street overpass.

36. There are loading docks accessing the structure at the Chefs' Warehouse Site on the west edge, across almost the entire length of the south end of the building, and on the east edge of the structure facing Linn Street, closest to the West 6th Street Exit.

37. The eastern end of the building houses the freezer portion of the Chefs' Warehouse operation.

38. Plaintiff relies on the use and availability of all loading docks at the Chefs' Warehouse Site to perform its business as necessary.

5

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

39. Plaintiff conducts its food distribution operation both in portions of the structure at the Chefs' Warehouse Site that are refrigerated and some portions that are unrefrigerated.

40. The blockading of the West Sixth Street Exit by Defendant has greatly reduced accessibility to the Chefs' Warehouse Site.

41. Trucks coming to and leaving the Chefs' Warehouse Site have an extremely difficult time turning around on the southeast portion of the site to exit on Dalton Street rather than utilize the West Sixth Street Exit. For larger vehicles such maneuvers are unsafe and/or impossible.

42. Plaintiff's vendors have indicated that the reduced access to the site as a result of the blockading of the West 6th Street Exit is a safety hazard to their drivers.

43. Plaintiff's vendors have indicated that the safety hazard brought on by the blockage of the West 6th Street Exit may result in their refusal to deliver to the Chefs' Warehouse Site without additional warning.

44. Due to the blockading of the West Sixth Street Exit, Plaintiff's temperature controlled cold dock is inaccessible to many deliver trucks. As a result, Plaintiff has had to temporarily reconfigure its operations to accommodate trucks exiting the Site from only the northwest side, including the rapid movement of refrigerated product food through non-refrigerated portions of the building to the refrigerated portion of the warehouse connected to the now inaccessible cold dock. The operational adjustment decreases worker productivity and places large quantities of product at risk on a daily basis.

45. The inability of vehicles to exit the Chefs' Warehouse Site via the West Sixth Street Exit is causing substantial damage to Plaintiff's business and operations.

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

46. The lack of access from West Sixth Street Exit threatens to permanently damage Plaintiff's business interests and operations at the Chefs' Warehouse Site.

47. Plaintiff currently employs individuals including, but not limited to, Regional Vice President Pat O'Callaghan, who have worked for Plaintiff and its predecessors in interest for periods exceeding twenty-one (21) years, and as a result has personal knowledge as to the facts stated herein.

48. Plaintiff's use of the West 6th Street Exit for over twenty one (21) years for vehicular egress has never interfered with the operations of Defendant's railroad.

49. Parcel 138-5-208 that is owned by Defendant and over which two parallel train tracks extend is approximately 48-54 feet wide west of the West 6th Street Exit, as shown in **Exhibit K.**

50. Parcel 138-5-208 that is owned by Defendant and over which two parallel train tracks extend widens just west of the West 6th Street Exit location to approximately 78 feet wide, as shown in Exhibit K.

51. Parcel 138-5-208 that is owned by Defendant and over which two parallel train tracks extend is approximately 68 feet wide at the West 6th Street Exit location, as shown in Exhibit K.

52. Defendant has operated its railroad tracks and ancillary equipment on parcel 208 for decades without the exclusive use of the area comprising West 6th Street Exit.

53. Because of Parcel 208's additional 20-30 feet in width in the area at or close to the West 6th Street Exit, Plaintiff's future use of the West 6th Street Exit will continue to not interfere with Defendant's railroad operations.

7

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

## COUNT I
### (Easement by Prescription)

54. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 53 as if fully set forth herein.

55. For more than twenty-one (21) years, Plaintiff, or its predecessors-in-interest identified above, has been in open, continuous, exclusive, adverse, notorious and actual use of the West Sixth Street Exit to the extent it uses it for daily egress access for the Chefs' Warehouse Site by itself, its employees, customers, vendors, distributors, delivery trucks, and any other vehicles or individuals accessing the Chefs' Warehouse Site. Said use of the West Sixth Street Exit being adverse to any right, title and interest of Defendant.

56. At no time relevant to this Complaint has Plaintiff or its predecessors-in-interest recognized the authority of Defendant either to prevent or to permit its use of the West Sixth Street Exit to, among other things, provide daily access the Chefs' Warehouse Site by itself, its employees, customers, vendors, distributors, delivery trucks, and any other vehicles or individuals accessing the Chefs' Warehouse Site.

## COUNT II
### (Temporary Restraining Order and Preliminary and Permanent Injunctive Relief)

57. Plaintiff restates and incorporates by this reference each allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiff seeks temporary, preliminary and permanent injunctive relief restraining Defendant from interfering with Plaintiff's removal of the barricades from the West Sixth Street Exit and recommencement of its use of the West Sixth Street Exit for access.

59. Plaintiff requests that the Court order Defendant to not interfere with Plaintiff's removal of the barricades currently in place on the West Sixth Street Exit and, following the

8

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

removal, Plaintiff's use of the West Sixth Street Exit without interference or the threat of action in trespass from Defendant.

60. Plaintiff requests that the Court enjoin Defendant from further interfering with Plaintiff's use of the West Sixth Street Exit once the barricades are removed.

61. A temporary restraining order and a preliminary and permanent injunction are warranted because (1) at trial, Plaintiff is likely to prevail on the merits; (2) without use of the West Sixth Street Exit for egress access, the Plaintiff's business will suffer irreparable harm due to the fact the business operations have been detrimentally interrupted in a costly manner and vendors threaten to refuse to do business at the Chefs' Warehouse Site without the access from the West Sixth Street Exit available; (3) balance of equities tips in the Plaintiff's favor because the harm Plaintiff will sustain if the TRO/preliminary injunction is not granted is far greater than any potential harm the Defendant may sustain by allowing the use of the West Sixth Street Exit for egress as Plaintiff had done without harm to Defendant for decades; and (4) the issuance of a preliminary injunction is in the public interest.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Plaintiff prays for judgment declaring a non-exclusive easement by prescription for access to and from the Chefs' Warehouse Site on and over the area defined herein as the West Sixth Street Exit, and for the use of the West Sixth Street Exit by Plaintiff;

B. Grant Plaintiff's request herein for preliminary and permanent injunctive relief enjoining Defendant from interfering with Plaintiff's removal of the barricades from the West Sixth Street Exit or with Plaintiff's subsequent use of the West Sixth Street Exit once the barricades are removed;

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

C. Plaintiff be awarded reasonable attorney's fees where applicable;

D. Plaintiff recover its expenses and court costs where applicable; and

E. Plaintiff be granted all further relief, legal or equitable, to which it may be entitled.

Respectfully submitted,

Timothy M. Burke      (0009189)
Kathleen F. Ryan      (0090039)
Micah E. Kamrass      (0092756)
Attorneys for Plaintiffs-Appellants
Manley Burke, LPA
225 W. Court Street
Cincinnati, Ohio 45202
Telephone: (513) 721-5525
Telefax:  (513) 721-4268
Email:  tburke@manleyburke.com
        kryan@manleyburke.com
        mkamrass@manleyburke.com
*Attorneys for Plaintiff*

## JURY DEMAND

The Plaintiff demands a trial by jury in this matter.

Kathleen F. Ryan      (0090039)

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint for Quiet Title Based on

Easement by Prescription with Jury Demand is being sent by U.S. mail to the Service List below

this _19th_ day of August, 2017.

Kathleen F. Ryan      (0090039)

**Service List:**

CSX Transportation, Inc.
c/o CT Corporation System
4400 Easton Commons Way Suite 125
Columbus, OH 43219

CSX Transportation, Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

Jeff Everett
Property Management Specialist
CSX Transportation, Inc.
6737 Southpoint Drive South, J-180
Jacksonville, FL 32216

Baltimore & Ohio Railroad Company
500 Water Street
Jacksonville, FL 32202

11

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

## VERIFICATION

Under penalty of perjury under the laws of the United States of America and the State of Ohio, I declare that I have read the foregoing, and that the facts alleged therein are true and correct to the best of my knowledge and belief. I understand that a false statement in this Verification will subject me to penalties of perjury.

Pat O'Callaghan, Regional Vice President, Midwest
on behalf of Plaintiff The Chefs' Warehouse
Midwest, LLC

Sworn before me and subscribed in my presence this 18th day of August, 2017.

Kathleen Ryan, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

N:\CLIENTS\Chefs' Warehouse\Pleadings\Chefs Whse v CSX.Complaint.8-18-17.FINAL.KFR.doc

12

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

Wayne Coates
Hamilton County Recorders Office
Doc.#: 13-0000447 Type: DE
Filed: 01/02/13 01:05:22 PM $92.00
Off.Rec.: 12203  01385   F F36 10   353

b1220301385Fb

# GENERAL WARRANTY DEED

**MULLAGHAN PROPERTIES, LLC, an Ohio limited liability company**, in consideration of One Dollar and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell and convey with general warranty covenants, to **THE CHEFS' WAREHOUSE MIDWEST, LLC, a Delaware limited liability company** whose tax mailing address is c/o The Chef's Warehouse, Inc., 100 East Ridge Road, Ridgefield, Connecticut 06877, the real estate situated in Hamilton Ohio and more fully described on the attached Exhibit A.

TO HAVE AND TO HOLD such premises, with all the privileges and appurtenances thereunto belonging, to the Grantee, its successors and assigns forever. SUBJECT TO: public streets and highways; zoning ordinances and governmental regulations; conditions, restrictions and easements of record; and the lien of real estate taxes and assessments not yet due and payable.

Parcel Number: 138-4-322; 138-5-188, 206, 240, 254, 262, 263, 264 & 266

Prior Instrument Reference: Being the same property in Official Record Book 9353, Page 6431, Hamilton County, Ohio Recorder's records.

DESCRIPTION ACCEPTABLE
HAMILTON COUNTY ENGINEER

Tax Map - _( 1 - 2 - 13 )_

CAGIS - _as to all By Prior_

PLAINTIFF'S
EXHIBIT
A  1 of 10

12203   1385

Convey number: 446885
Deed number: 276838
Inst. number: 276575
Transfer date: 01/02/2013
Sec. 319.202. R.C.
Sec. 322.02 R.C.
Dusty Rhodes
Hamilton County Auditor
Sales amount: 1,865,000
Permissive fee: 3,730.00
Transfer fee: 4.50
Conveyance fee: 1,865.00
Fee total: 5,599.50

Executed this ___28th___ day of ___December___, 2012.

Mullaghan Properties, LLC,
an Ohio limited liability company

BY: _____

Patrick L. O'Callaghan, Jr.,
ITS: President and Chief Executive Officer


STATE OF OHIO                )
                             ) SS:
COUNTY OF HAMILTON  )

    The foregoing instrument was acknowledged before me on the 28th day of December 2012, by Patrick L. O'Callaghan, Jr. the President and Chief Executive Officer of Mullaghan Properties, LLC, an Ohio limited liability company on behalf of said company.

_____
Notary Public
My commission expires:_____

This instrument was prepared by:
Jeffrey R. Rush, Esq.
FROST BROWN TODD LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, Ohio 45202-5715

ANN DALTON JENNINGS
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

12203    1386

EXHIBIT "A'

PARCEL 1:

Situate in the City of Cincinnati, County of Hamilton, State of Ohio:

BEGINNING at the Southwest corner of Linn and Dalton Streets; thence along the West line of Linn Street South 7° 28' 40" West, 43.86 feet; thence North 67° 35' 30" West, 184.22 feet; thence along the arc of a circle, curving to the left, 139.32 feet, radius of said arc being 525.16 feet, chord of said arc bears North 75° 11' 30" West, 138.92 feet; thence North 82° 47' 30" West, 308.27 feet; thence South 55° 32' 46" East, 24.53 feet; thence South 60° 53' 30" East, 127.64 feet; thence along the arc of a circle, curving to the left, 193.16 feet, radius of said arc being 1238.90 feet, chord of said arc bears South 65° 21' East, 192.97 feet; thence South 32° 48' West, 29.49 feet; thence South 57° 12' East, 165.44 feet; thence along the arc of a circle, curving to the right, 24.03 feet, radius of said arc bears North 88° 09' 10" West, 24.03 feet to a point lying 18 feet northeasterly and measured radially from The Baltimore and Ohio Railroad's mainline #2; thence running 18 feet northeasterly from and parallel to and concentric with said mainline #2, North 57° 19' West, 318.67 feet; thence along the arc of a circle, curving to the left, 169.40 feet, radius of said arc being 949.15 feet, chord of said arc bears North 62° 25' 51" West, 169.18 feet; thence North 10° 00' 00" West, 64.94 feet to a point in the South line of Dalton Street; thence along the South line of Dalton Street the following courses and distances: along the arc of a circle, curving to the right, 55.96 feet, radius of said arc being 1872.86 feet, chord of said arc bears South 79° 25' 24" East, 55.96 feet; thence South 78°34' 03" East, 332.72 feet, thence along the arc of a circle curving to the right, 89.50 feet, radius of said arc being 5,692.58 feet, chord of said arc bears South 78° 07' 02" East, 89.49 feet; thence South 77° 40' East, 87.50 feet; thence along the arc of a circle curving to the right, 57.22 feet, radius of said arc being 562.96 feet, chord of said arc bears South 74° 44' 18" East, 57.19 feet; thence along the arc of a circle, curving to the right, 34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears South 60° 49' 14" East, 34.42 feet, said point being the PLACE OF BEGINNING; containing 0.6563 Acres, more or less.

12203  1387

PARCEL 2:

Situate in the City of Cincinnati, County of Hamilton, State of Ohio:

COMMENCING at the Southwest corner of Linn and Dalton Street; thence along the West
line of Linn Street, South 7° 28' 40" West, 137.45 feet to the PLACE OF BEGINNING;
thence continuing along the West line of Dalton Street, South 7° 28' 40" West, 195.40 feet;
thence North 60° 51' 20" West, 17.00 feet; thence North 25° 35' 45" West, 51.13 feet;
thence North 39° 05' 47" West, 135.56 feet; thence along the arc of a circle, curving to the
left, 124.54 feet, radius of said arc being 2806.27 feet, chord of said arc bears North 89° 54'
25" East, 124.53 feet; thence North 7° 28' 40" East, 41.88 feet; thence South 67° 00' 00"
East, 19.42 feet to the PLACE OF BEGINNING; containing 0.2750 Acres, more or less.

The above descriptions taken from a Survey prepared by Andrew C. Walters, Jr., Ohio
Registered Surveyor No. 5544, Joseph M. Allen Co., 3985 Race Road, Cincinnati, Ohio
45211, dated January 1964 (revised December 1984), and incorporated herein by reference.

PARCEL 3:

Situate in the City of Cincinnati, County of Hamilton, State of Ohio:

A parcel of land located in the western portion of Linn Street, having a width of 25 feet and
a length of 373 feet, more or less, as the same abuts the east side of lands described above
as Tract 2 and Tract 3; containing 0.21 acres, more or less, as indicated in bold outlines on
print of fragment of Grantor's Valuation Map V.S. 101. I/Sheet S-1A, marked "Exhibit A"
and attached to Deed recorded in Deed Book 4316, page 1904; and being the east side of
land described in a Deed by and between The Baltimore and Ohio Railroad Company and
Virginia L. Lagaly and Joan H. Squeri dated July 9,1971, recorded in the Land Records of
Hamilton County, Ohio in Deed Book 3805, page 838.

Together with 553 linear feet of Tract No. T-15 and all and every of the rights, alleys,
ways, waters, privileges, appurtenances and advantages to the same belonging, or in any
way appertaining.

SAVE AND EXCEPTING the following described real estate:  Situated in the County of
Hamilton, in the State of Ohio and in the City of Cincinnati: Beginning at the southwest
corner of Linn and Dalton Street; thence along the west line of Linn Street, South 7° 28'
40" West, 137.45 feet to the place of beginning; thence continuing along the west line of
Dalton Street South 7° 28' 40" West, 58.00 feet; thence North 67° 31' 20" West, 59.93 feet;



**12203   1388**

thence along the arc of a circle curving to the left, 39.60 feet, radius of said arc being 2806.27 feet, chord of said arc bears North 89° 02' 47" East, 39.60 feet; thence North 7° 28' 40" East, 41.88 feet; thence South 67° 00' 00" East, 19.42 feet to the place of beginning. Containing 0.0322413 Acres.

PARCEL 4:

Situate in the City of Cincinnati, Hamilton County, Ohio, and described as follows:

BEGINNING at the southwest corner of Kenyon Street and Linn Street; thence, along the west line of Linn Street South 7° 28' 40" West, 43.86 feet to the real place of beginning; thence, continuing along the west line of Linn Street, South 7° 28' 40" West, 93.59 feet; thence, North 67° 00' West 19.42 feet; thence, South 7° 28' 40" West, 41.88 feet; thence on a curve to the right with a radius of 2,806.27 feet, for a distance of 144.73 feet, the chord of which bears North 89° 53' 22" West, 144.72 feet; thence, North 57° 12' West, 165.44 feet; thence North 32° 48' East, 29.49 feet; thence on a curve to the right with a radius of 1,238.90 feet, for a distance of 193.16 feet, the chord of which bears North 65° 21' West, 192.97 feet; thence North 60° 53' 39" West, 127.64 feet; thence, North 55° 17' 30" West, 24.79 feet; thence, South 82° 47' 30" East, 308.27 feet; thence on an arc of a circle curving to the right with a radius of 523.16 feet, for a distance of 139.32 feet, the chord of which bears South 75° 11' 30" East, 138.92 feet; thence, South 67° 35' 30" East, 184.22 feet to the place of beginning, containing 70,262 square feet or 1.613 acres, more or less.

PARCEL 5:

Situate in the City of Cincinnati, County of Hamilton and State of Ohio. BEGINNING at the southwest corner of Linn and Dalton Street; thence along the west line of Linn Street, South 7° 28' 40" West, 137.45 feet to the place of beginning; thence continuing along the west line of Dalton Street South 7° 28' 40" West, 58.00 feet; thence North 67° 31' 20" West, 59.93 feet; thence along the arc of a circle curving to the left, 39.60 feet, radius of said arc being 2806.27 feet, chord of said arc bears North 89° 02' 47" East, 39.60 feet; thence North 7° 28' 40" East, 41.88 feet; thence South 67° 00' 00" East, 19.42 feet to the place of beginning. Containing 0.322413 Acres.

PARCEL 6:

INTENTIONALLY OMITTED

12203  1389

PARCEL 7:

Situated in Section 24, Town 4, Fractional Range 1, City of Cincinnati, Hamilton County, Ohio and being more particularly described as follows:

BEGINNING at a point in the northern line of Sixth Street being North 83° 13' 20" West, 83.30 feet from the intersection of the northern line of Sixth Street with the western line of Baymiller Street; thence along the new line of Sixth Street for the following seven courses: South 6° 46' 40" West, 16.00 feet; thence along the arc of a curve to the left having a radius of 169.00 feet for an arc distance of 39.51 feet, chord bearing North 89° 55' 10" West, 39.42 feet; thence South 83° 23' 00" West, 43.50 feet; thence along the arc of a curve to the right having a radius of 131.00 feet for an arc distance of 61.73 feet, chord bearing North 83° 07' 00" West, 61.16 feet; thence North 69° 37' 00" West, 60.87 feet; thence along the arc of a curve to the left having a radius of 169.00 feet for an arc distance of 40.13 feet, chord bearing North 76° 25' 10" West, 40.04 feet; thence North 83° 13' 20" West, 57.39 feet to a point in the western line of the property conveyed to the B&O Railroad Co. in Deed Book 2079, page 409 of the Hamilton County, Ohio Records; thence along said western line for the following three courses: North 13° 23' 35" West, 12.30 feet; thence along the arc of a curve to the left having a radius of 488.55 feet for an arc distance of 403.27 feet, chord bearing North 38° 16' 19" West, 391.92 feet; thence along the arc of a curve to the left having a radius of 527.62 feet for an arc distance of 63.00 feet, chord bearing North 63° 48' 00" West, 62.96 feet to a point in the new eastern line of Freeman Avenue; thence along said Eastern line, along the arc of a curve to the right having a radius of 7596.94 feet for an arc distance of 10.66 feet, chord bearing North 3° 05' 04" East, 10.68 feet to a point being 25 feet, more or less, south of the centerline of the most southern railroad tract; thence leaving said eastern line of the most southern railroad tract; thence leaving said eastern line of Freeman Avenue, and running 25 feet, more or less, southwest of and parallel to said centerline of the most southern railroad tract for the following three courses: along the arc of a curve to the right having a radius of 892.83 feet for an arc distance of 240.97 feet, chord bearing south 65° 02' 59" East, 240.24 feet; thence south 57° 19' 00" East, 299.44 feet; thence along the arc of a curve to the right having a radius of 517.50 feet for an arc distance of 176.94 feet, chord bearing South 47° 31' 17" East, 176.08 feet to the place of beginning. Containing 1.2980 Acres of land.

PARCEL 8:

Situate in the City of Cincinnati, Hamilton County, State of Ohio and being more particularly described as follows:

12203  1390

Beginning at the southwest corner of Linn & Dalton Street; thence westwardly, along the southerly line of Dalton Street the following courses & distances:

Along the arc of a circle, curving to the left, 34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears North 60° 49' 14" West 34.42 feet; thence along the arc of a circle, curving to the left 57.22 feet, radius of said arc being 562.96 feet, chord of said arc bears North 74° 44' 18" West, 57.19 feet, thence North 77° 40' West, 87.90 feet; thence along the arc of a circle, curving to the left, 89.50 feet, radius of said arc being 5692.58 feet, chord of said arc bears North 78° 07' 02" West, 89.49 feet; thence North 78° 34' 03" West, 332.72 feet; thence along the arc of a circle, curving to the left, 137.78 feet to the place of beginning for this conveyance, radius of said arc being 1872.86 feet, chord of said arc bears North 80° 40 30" West, 137.75 feet. Thence from said place of beginning, westwardly with the southerly line of Dalton Street North 82° 48' 50" West 8.51 feet to a point in old Freeman Avenue right of way line; thence along said right of way line, South 7° 38' 10" West, 40.77 feet; thence along the arc of a circle, curving to the right 11.91 feet, radius of said arc being 949.15 feet, chord of said arc bears South 73° 57' 40" East, 11.91 feet; thence along the arc of a circle, curving to the left 17.73 feet, radius of said arc being 7596.94 feet, chord of said arc bears North 2° 43' 51" East, 17.73 feet; thence along the arc of a circle curving to the right 24.98 feet, radius of said arc being 2824.29 feet; chord of said arc bears North 3° 36' 51" East, 24.98 feet to the place of beginning. Containing 417.58 square feet of area.

PARCEL 9:

Situate in the City of Cincinnati, Hamilton County, State of Ohio and being more particularly described as follows:

TRACT A:

COMMENCING at the southwest corner of Linn & Dalton Streets; thence westwardly, along the southerly line of Dalton Street, the following courses and distances:

Along the arc of a circle, curving to the left, 34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears North 60° 49' 14" West, 34.42 feet; thence along the arc of a circle, curving to the left, 57.22 feet, radius of said arc being 562.96 feet, chord of said arc bears North 74° 44' 18" West, 57.19 feet; thence North 77° 40' West, 87.50 feet; thence along the arc of a circle, curving to the left, 89.50 feet, chord of said arc bears North 78° 07' 02"

West, 89.49 feet; thence North 78° 34' 03" West, 332.72 feet; thence along the arc of a circle, curving to the left, 55.96 feet to the TRUE PLACE OF BEGINNING for this conveyance, radius of said arc being 1872.86 feet, chord of said arc bears North 79° 25' 24" West 55.96 feet; thence from said TRUE PLACE OF BEGINNING westwardly with the southerly line of Dalton Street along the arc of a circle curving to the left 81.82 feet, radius of said arc being 1872.86 feet, chord of said arc bears North 81° 31' 52" West, 81.81 feet; thence along the arc of a circle curving to the left 24.98 feet, radius of said arc being 2824.29 feet, chord of said arc being South 3° 36' 51" West, 24.98 feet; thence along the arc of a circle curving to the right 17.73 feet, radius of said arc being 7596.94, chord of said arc bears South 2° 43' 51" West, 17.73 feet to a point 18 feet north of and radially to the centerline of Grantor's No. 2 Main Line Track; thence concentric with and 18 feet distant from said centerline of track along the arc of a circle curving to the right, 100.38 feet, radius of said arc being 949.15 feet, chord of said arc bears South 70° 34' 20" East, 100.33 feet; thence North 10° 00' West, 64.94 feet to the TRUE PLACE OF BEGINNING.

Containing 4,517.04 square feet, more or less.

TRACT B: COMMENCING at the southwest corner of Linn & Dalton Streets; thence westwardly, along the southerly line of Dalton Street the following courses and distances:

Along the arc of a circle, curving to the left, 34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears North 60° 49' 14" West, 34.42 feet; thence along the arc of a circle, curving to the left, 57.22 feet, radius of said arc being 562.96 feet, chord of said arc bears North 74° 44' 18" West, 57.19 feet; thence North 77° 40' West, 87.50 feet; thence along the arc of a circle, curving to the left, 89.50 feet, radius of said arc being 5692.58 feet, chord of said arc bears North 78° 07' 02" West, 89.49 feet; thence North 78° 34' 03" West, 332.72 feet, thence along the arc of a circle, curving to the left, 137.78 feet to the TRUE PLACE OF BEGINNING for this conveyance, radius of said arc being 1872.86 feet, chord of said arc bears North 80° 40' 30" West, 137.75 feet; thence from said TRUE PLACE OF BEGINNING westwardly with the southerly line of Dalton Street North 82° 48' 50" West, 8.51 feet to a point in old Freeman Avenue right-of-way line; thence along said right-of-way line South 7° 38' 10" West, 40.77 feet to a point 18 feet north of and radially to the centerline of Grantor's No. 2 Main Line Track; thence concentric with and distant 18 feet from said centerline of track along the arc of a circle curving to the right 11.91 feet; radius of said arc being 949.15 feet, chord of said arc bears South 73° 57' 40" East, 11.91 feet; thence along the arc of a circle curving to the left 17.73 feet; radius of said arc being 7596.94 feet, chord of said arc bears North 2° 43' 51" East, 17.73 feet; thence along the arc of a circle curving to the right 24.98 feet, radius of said arc being 2824.29 feet, chord of said arc bears North 3° 36' 51" East, 24.98 feet to the TRUE PLACE OF BEGINNING. Containing 417.58 square feet, more or less.

12203  1392

TRACT C:

COMMENCING at the southwest corner of Linn & Dalton Streets; thence westwardly, along the southerly line of Dalton Street the following courses and distances:

Along the arc of a circle, curving to the left, 34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears North 60° 49' 14" West, 34.42 feet; thence along the arc of a circle, curving to the left, 57.22 feet, radius of said arc being 562.96 feet, chord of said arc bears North 74° 44' 18" West, 57.19 feet; thence North 77° 40' West, 87.50 feet; thence along the arc of a circle, curving to the left, 89.50 feet, radius of said arc being 5692.58 feet, chord of said arc bears North 78° 07' 02" West, 89.49 feet; thence North 78° 34' 03" West, 332.72 feet; thence along the arc of a circle, curving to the left, 137.78 feet to the TRUE PLACE OF BEGINNING for this conveyance, radius of said arc being 1872.86 feet, chord of said arc bears North 80° 40' 30" West, 137.75 feet; thence North 82° 48' 50" West, 8.51 feet to a point in the old Freeman Avenue right-of-way line and to the place of beginning for this conveyance; thence from said TRUE PLACE OF BEGINNING westwardly with the south line of Dalton Street North 82° 48' 50" West, 205.25 feet; thence continuing along the south line of Dalton Street along the arc of a circle curving to the right, 117.64 feet, radius of said arc being 337.00 feet, chord of said arc bears North 72° 48' 50" West, 117.04 feet; thence South 27° 11' 10" West, 49.12 feet to a point 18 feet north of and at right angles to the centerline of Grantor's No. 2 Main Line Track; thence parallel with and distant 18 feet from said centerline of-track South 81° 33' 40" East, 217.61 feet; thence concentric with and distant 18 feet from said centerline of track along the arc of a circle curving to the right 119.95 feet, radius of said arc being 949.15 feet, chord of said arc bears South 77° 56' 26" East, 119.87 feet to a point in the old Freeman Avenue right-of-way line; thence along said right-of-way line North 7° 38' 10" East, 40.77 feet to the TRUE PLACE OF BEGINNING. Containing 10,979.82 square feet, more or less.

PARCEL 10:

Situate in Section 24, Town 4, Fractional Range 1, Cincinnati Township, Hamilton county, Ohio and being situate in the City of Cincinnati, Hamilton County, State of Ohio, and being more particularly described as follows:

Pts. Lots 526 to 543 and 545, Barrs Subdivision Deed Book 85, page 137 and Deed Book 91, Page 396 and 397. Beginning at the Southwest corner of Linn and Dalton Streets, thence along the southerly line of Dalton Street along the arc of a circle curving to the left

12203 . 1393 .

34.63 feet, radius of said arc being 90.00 feet, chord of said arc bears North 60° 49' 14" West, 34.42 feet; thence continuing along the southerly line of Dalton Street along the arc of a circle, curving to the left 54.15 feet to the place of beginning, radius of said arc being 562.96 feet, chord of said arc bears North 74° 34' 55" West, 54.12 feet; thence from said place of beginning North 12° 19' 57" East, 1.31 feet; thence North 77° 40' West, 180.09 feet; thence North 78° 34' 03" West, 332.72 feet; thence along the arc of a circle, curving to the left, 56.03 feet, radius of said arc being 1874.86 feet, chord of said arc bears North 79° 25' 24" West, 56.02 feet; thence South 9° 43' 15" West, 2.00 feet to a point in the existing southerly right of way line of Dalton Street; thence along the existing right of way line of Dalton Street the following courses and distances:    Along the arc of a circle, curving to the right, 55.96 feet, radius of said arc being 1872.86 feet, chord of said arc bears South 79° 25' 24" East, 55.96 feet; thence South 78° 34' 03" East, 332.72 feet; thence along the arc of a circle, curving to the right, 89.50 feet, radius of said arc being 5692.58 feet, chord of said arc bears South 78° 07' 02" East, 89.49 feet; thence South 77° 40' East 87.50 feet, thence along the arc of a circle, curving to the right, 3.07 feet, radius of said arc being 562.96 feet, chord of said arc bears South 77° 29' 35" East, 3.07 feet to the place of beginning. Containing 1042.30 square feet or 0.0239 Acres.

12203  1394

# COUNTY AUDITOR ON-LINE
## Hamilton County Auditor Dusty Rhodes
138 East Court St., Cincinnati, Ohio 45202 - (513)946-4000 - dusty.rhodes@juse.net

Online Property Access          |< First  << Prev  Next >>  Last >|   **RETURN TO SEARCH LIST**   Property 5 of 9

| Parcel ID | Address | Index Order | Tax Year |
|---|---|---|---|
| 138-0005-0254-00 | 619 LINN ST | Parcel Number | 2016 Payable 2017 |

### Transfer History

| Year | Conveyance # | Selling Price | Sale Date | Previous Owner | Current Owner |
|---|---|---|---|---|---|
| 2013 | 44485 | 1,865,000 | 1/2/2013 | MULLAGHAN PROPERTIES LLC | CHEFS WAREHOUSE MIDWEST LLC THE |
| 2003 | 12685 | 1,840,000 | 8/5/2003 | QUEENSGATE REAL ESTATE LLC | MULLAGHAN PROPERTIES LLC |
| 2002 | 17557 | 1,840,000 | 11/12/2002 | CORD REAL ESTATE LLC | QUEENSGATE REAL ESTATE LLC |
| 2001 | 0 | 0 | 5/23/2001 | CORD CAMERON W | CORD REAL ESTATE LLC |
| 2000 | 8485 | 1,840,000 | 6/15/2000 | SSTJ INC | CORD CAMERON W |
| 1999 | 18505 | 1,600,000 | 11/19/1999 | MAC STORAGE CO | SSTJ INC |
| 1999 | 15073 | 1,450,900 | 9/17/1999 | SQUERIS CASH & CARRY INC SQUERI S CASH & CARRY INC | MAC STORAGE CO |
| 1996 | 0 | 0 | 8/30/1996 | SQUERI CHARLES A | SQUERI S CASH & CARRY INC |
| 1987 | 0 | 0 | 4/1/1987 | UNKNOWN | SQUERI CHARLES A |

**I Want To...**
- Start a New Search
- Email the Auditor
- View the Online Help
- Auditor's Home

**View:**
- Property Summary
- Appraisal Information
- Levy Information
- Transfer
- Value History
- Board of Revision
- Payment Detail
- Tax Distributions
- Images
- Special Assessment/Payoff
- Tax Lien Certificates
- CAGIS Online Maps
- Aerial Imagery
- Owner Names

**Print:**
- Current Page
- Property Report

Copyright © 2009-2017, DEVNET, Inc. All rights reserved.
wEdge version 4.0.6436.16570
Data updated 2017/08/16

Legal Disclaimer | Privacy Statement



PLAINTIFF'S EXHIBIT
B



Cincinnati Area GIS





PLAINTIFF'S EXHIBIT

Blumberg No. 5113

Dusty R... Property Report

**Property Information**

| Parcel ID | | Index Order | Tax Year |
|---|---|---|---|
| 138-0005-0208-00 | Address | Parcel Number | 2016 Payable 2017 |

| Tax District | 001 - CINTI CORP-CINTI CSD | | Images/Sketches |
|---|---|---|---|
| School District | CINCINNATI CSD | | |

| Appraisal Area | | Land Use | |
|---|---|---|---|
| 03000 - QUEENSGATE | | 840 - R.R. - USED IN OPERATION | |

| Owner Name and Address | Mailing Name and Address |
|---|---|
| BALTIMORE & OHIO RAILROAD COMPANY | CSX REAL PROPERTY INC SUITE #800 (J915) |
| 500 WATER ST | 301 W BAY ST |
| JACKSONVILLE FL 32202 | JACKSONVILLE FL 32202 |
| (call 946-4015 if incorrect) | (call 946-4800 if incorrect) |

| Assessed Value | Effective Tax Rate | Total Tax |
|---|---|---|
| 0 | 95.401744 | $29.56 |

**Property Description**
SIXTH ST WEST FT IR W 6TH -BAYMILLER-KENYON-FREEMAN AV CCC ST L RR CO R/W PRS 208-233 CONS-UTILITY

**Appraisal/Sales Summary**

| Year Built | |
|---|---|
| Total Rooms | |
| # Bedrooms | |
| # Full Bathrooms | |
| # Half Bathrooms | |
| Last Sale Date | 2/11/1993 |
| Last Sale Amount | $0 |
| Conveyance Number | 0 |
| Deed Type | WE - Warranty Deed (EX) |
| Deed Number | |
| # of Parcels Sold | 1 |
| Acreage | 0.000 |
| Front Footage | 151.00 |

**Tax/Credit/Value Summary**

| Board of Revision | No |
|---|---|
| Rental Registration | No |
| Homestead | No |
| Owner Occupancy Credit | No |
| Foreclosure | No |
| Special Assessments | Yes |
| Market Land Value | 0 |
| CAUV Value | 0 |
| Market Improvement Value | 0 |
| Market Total Value | 0 |
| TIF Value | 0 |
| Abated Value | 0 |
| Exempt Value | 0 |
| **Taxes Paid** | $29.56 |
| Tax as % of Total Value | 0.000% |

Notes



Dusty Rhodes - Hamilton County Auditor
Property Report







PLAINTIFF'S
EXHIBIT
G
Blumberg No. 5113





PLAINTIFF'S
EXHIBIT
H2





**TRANSPORTATION**
Jeff Everett
Property Management Specialist

6737 Southpoint Drive South, J-180,
Jacksonville, FL 32216
Phone: 904-279-3947

JEFF_EVERETT@CSX.COM

07/14/2017

THE CHEFS WAREHOUSE
619 LINN ST
CINCINNATI, OH 45203

    **Re:**    Property owned or controlled by CSX Transportation, Inc. (CSXT) at or near 619 Linn St in Cincinnati, OH (the "Property")

Dear Owner:

    In connection with railroad property at or near 619 Linn St, CSXT has sited that several unauthorized tractor trailers are currently using CSXT property for ingress/egress to the property located at 619 Linn St. CSXT **has never authorized** the use of this property. CSXT has experienced issues with a cable being knocked down at this location due to the unauthorized use of CSXT property. Enclosed for reference is an aerial map detailing your unauthorized access to, and use of, the Property.

    CSXT hereby demands that you immediately stop the use of the property.

    CSXT expressly reserves all legal, equitable, and statutory rights and remedies with respect to your trespass and unauthorized use of the Property and any harm resulting therefrom, including any and all applicable civil remedies and criminal penalties.

    Sincerely,

Jeff Everett



PLAINTIFF'S EXHIBIT







PLAINTIFF'S EXHIBIT 53

Blumberg No. 5113





## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

A 1 7 0 4 3 9 3

THE CHEFS' WAREHOUSE
MIDWEST, LLC

       Plaintiff,

vs.

CSX TRANSPORTATION, INC.
Baltimore & Ohio Railroad

       Defendant.

Case No. _____

Judge _____

**MOTION FOR TEMPORARY
RESTRAINING ORDER,
PRELIMINARY AND
PERMANENT INJUNCTION**

COPY FILED
CLERK OF COURTS
HAMILTON COUNTY

Oral Argument Requested

AUG 18 2017

AFTAB PUREVAL
COMMON PLEAS COURTS

Pursuant to Rule 65 of the Ohio Rules of Civil procedure, Plaintiff The Chefs'
Warehouse Midwest, LLC ("Chefs' Warehouse" or "Plaintiff") respectfully moves that, pending
a hearing and determination of the issues, a temporary restraining order be issued forthwith and
that, following such a hearing and determination of the issues, a preliminary injunction be
entered and, thereafter, be made permanent, enjoining and restraining Defendant CSX
Transportation, Inc. ("CSX" or "Defendant") from interfering with Plaintiff's removal of
barricades from the area adjacent to the Chefs' Warehouse southeast vehicular access point at
West 6th Street as described further below, and from interfering with Chefs' Warehouse's use of
the West 6th Street exit over and across that area. Plaintiff ultimately seeks a non-exclusive
easement by prescription over the area at issue in this case. The grounds for this Motion are
more fully set forth in Plaintiff's Verified Complaint and the accompanying Memorandum in
Support. Pursuant to Local Rule 14, Plaintiff hereby requests oral argument as part of this
Motion.

1

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

Timothy M. Burke   (0009189)
Kathleen F. Ryan   (0090039)
Micah E. Kamrass   (0092756)
Attorneys for Plaintiffs-Appellants
Manley Burke, LPA
225 W. Court Street
Cincinnati, Ohio 45202
Telephone: (513) 721-5525
Telefax: (513) 721-4268
Email: tburke@manleyburke.com
       kryan@manleyburke.com
       mkamrass@manleyburke.com

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

Plaintiff owns property at 619 Linn Street, Cincinnati, Ohio which is comprised of Hamilton County Parcel Identification Numbers 138-4-322, 138-5-138, 138-5-206, 138-5-240, 138-5-254, 138-5-262, 138-5-263, 138-5-264, and 138-5-266 ("hereinafter collectively "Chefs' Warehouse Site" or "Site"). Plaintiff and its predecessors in title to the Site are food distribution operations, all of which operated or currently operate from the Chefs' Warehouse Site. The Chefs' Warehouse Site has operated continuously as a food distribution business for at least forty (40) years, and Plaintiff and its predecessors in title have occupied and have been title owners of the Chefs' Warehouse Site continuously for at least forty (40) years.

During that time, the Plaintiff and its predecessors in title have utilized an exit, critical to the site's operation, which accesses the stub end of West 6th Street across property over which Defendant claims ownership.  This strip of land over which Plaintiff claims a right and title is part of Hamilton County, Ohio Parcel Identification Number 138-5-208 and it is owned by Defendant CSX Transportation, Inc.

2

**MANLEY BURKE**
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

The general path taken by vehicles exiting the Chefs' Warehouse Site is depicted on the attached Exhibit F, and the area that is the subject of this action for quiet title based on easement by prescription is depicted on the attached Exhibit G. This portion of the CSX Parcel utilized by Plaintiff for access is approximately 767 s.f., is bound by gravel to the west, the Plaintiff's parcel to the north, the 6th Street right of way to the east, and the railroad tracks to the south (hereinafter the "West 6th Street Exit").

The West 6th Street Exit is one of two access points to public streets, with the other being on the northwest end of the Site on Dalton Avenue. The southeast vehicular access utilized by Plaintiff for egress extends from the Chefs' Warehouse Site, crosses a small but critical portion of property claimed by CSX, and within a few feet proceeds on a portion of right of way that is a stub to West 6th Street. Hundreds of vehicles per day used the West 6th Street Exit from the Chefs' Warehouse Site, and have done so regularly for at least the past forty (40) years. The vehicles which utilize the West 6th Street Exit at the Chefs' Warehouse Site include, but are not limited to: Plaintiff's employees, customers, vendors, and other ancillary delivery vehicles. Plaintiff has continuously utilized the West 6th Street Exit for vehicular access from the Chefs' Warehouse Site by itself, its employees, customers, vendors, distributors, delivery trucks, and any other vehicles or individuals accessing the Chefs' Warehouse Site.

Plaintiff has openly carried on its use of the West 6th Street Exit for vehicular egress for well over twenty-one (21) years on an almost daily basis. Plaintiff maintains markings and signage on and around the West 6th Street Exit which indicate its ongoing usage as vehicular access from the Chefs' Warehouse Site, and has maintained improvements demarcating the West 6th Street as its vehicular access point, such as the sign at the corner of W. 6th Street and Linn Street, for over twenty one (21) years. Photographs of the various permanent improvements

3

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

demarcating the West 6th Street Exit as Plaintiff's vehicular access point, including signage and asphalt markings, are attached as Exhibit H.

Defendant recently indicated to Plaintiff that Plaintiff's claims to the West 6th Street have at all times been hostile to Defendant's interests. More specifically, Defendant admits in its July 14, 2017 letter to Plaintiff that Defendant "has never authorized" the use of its property, including that portion which includes the West 6th Street Exit.

On or about July 24, 2017, the Defendant barricaded the West 6th Street Exit, preventing vehicles attempting to access the Chefs' Warehouse Site from using the West 6th Street Exit. Photographs of same are attached as Exhibit J. As a result of this barricade, Plaintiff is unable to use the West 6th Street Exit and is limited to the use of its northwest access from Dalton Avenue. This has been a significant and unexpected disruption to Plaintiff's business operations, and has caused harm to Plaintiff and is continuing to do so.

The building at the Chefs' Warehouse Site is an "L-Shaped" building, a portion of which extends under the West 6th Street overpass. There are loading docks accessing the structure at the Chefs' Warehouse Site on the west edge, across almost the entire length of the south end of the building, and on the east edge of the structure facing Linn Street, closest to the West 6th Street Exit. Plaintiff conducts its food distribution operation both in portions of the structure at the Chefs' Warehouse Site that are refrigerated and some portions that are unrefrigerated.

The eastern end of the building houses the freezer portion of the Chefs' Warehouse operation. Due to the blockading of the West 6th Street Exit, Plaintiff's temperature-controlled cold dock is inaccessible to many deliver trucks. As a result, Plaintiff has had to temporarily reconfigure its operations to accommodate trucks exiting the Site from only the northwest side, including the rapid movement of refrigerated product food through non-refrigerated portions of

4

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

the building to the refrigerated portion of the warehouse connected to the now inaccessible cold dock. The operational adjustment decreases worker productivity and places large quantities of product at risk on a daily basis.

The blockading of the West 6th Street Exit by Defendant has greatly reduced accessibility to the Chefs' Warehouse Site. Trucks coming to and leaving the Chefs' Warehouse Site have an extremely difficult time turning around on the southeast portion of the site to exit on Dalton Street rather than utilize the West 6th Street Exit. For larger vehicles, such maneuvers are unsafe and/or impossible. Plaintiff's vendors have indicated that the reduced access to the site as a result of the blockading of the West 6th Street Exit is a safety hazard to their drivers.

The configuration of Plaintiff's Site and how it is impacted by the closure of the West 6th Street Exit is important to note, as Plaintiff relies on the use and availability of all loading docks at the Chefs' Warehouse Site to perform its business as necessary. It is a configuration which cannot readily be changed without causing significant, permanent harm to Plaintiff's business operations.

The threat to Plaintiff's business is not simply due to the way in which the access closure impacts Plaintiff directly but also by way of its impact on Plaintiff's vendors. Plaintiff's vendors have indicated that the safety hazard brought on by the blockage of the West 6th Street Exit may result in their refusal to deliver to the Chefs' Warehouse Site without additional warning. Plaintiff relies on these vendors daily to operate its business. The inability of vehicles to exit the Chefs' Warehouse Site via the West 6th Street Exit is causing substantial damage to Plaintiff's business and operations, with increased damage imminent by way of vendors' refusal to deliver to the Site. The lack of access from West 6th Street Exit threatens to permanently damage Plaintiff's business interests and operations at the Chefs' Warehouse Site.

5

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

Plaintiff currently employs Regional Vice President Pat O'Callaghan, who has worked for Plaintiff and its predecessors in interest for periods exceeding twenty-one (21) years, and as a result has personal knowledge as to the facts stated herein and within Plaintiffs' Verified Complaint. There are additional employees who have similar knowledge and history as Mr. O'Callaghan.

Plaintiff's use of the West 6th Street Exit for over twenty-one (21) years for vehicular egress has never interfered with the operations of Defendant's railroad. Parcel 138-5-208 that is owned by Defendant and over which two parallel train tracks extend is approximately 48-54 feet wide west of the West 6th Street Exit, and widens just west of the West 6th Street Exit location to approximately 78 feet wide. It narrows to approximately 68 feet wide at the West 6th Street Exit location. This configuration and approximate measurements of the -208 parcel are depicted on the attached Exhibit K. Defendant has operated its railroad tracks and ancillary equipment on parcel -208 for decades without requiring the exclusive use of the area comprising West 6th Street Exit. Because of Parcel -208's additional 20-30 feet in width in the area at or close to the West 6th Street Exit, Plaintiff's future use of the West 6th Street Exit will continue to not interfere with Defendant's railroad operations.

Plaintiff ultimately seeks a non-exclusive, permanent easement by prescription on the site on Defendant's parcel -208 defined herein as the "West 6th Street Exit". Because of the immediate threat to Plaintiff's business caused by Defendant's blockading of the West 6th Street Exit, and for the reasons further described below, Plaintiff respectfully requests the Court issue injunctive relief which will allow Plaintiff to reopen the West 6th Street Exit for non-exclusive access to its business, without interference by Defendant.

6

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

## II.    ARGUMENT

The granting of injunctive relief rests in the sound discretion of the trial court. *See* Civ.

R. 65, R.C. 2727.03. In determining whether to grant such relief, the court considers the

following factors:

1) The likelihood of the Plaintiff's success on the merits;
2) The absence of an adequate remedy at law;
3) Whether the injunctive would prevent irreparable harm; and
4) A balancing of the potential injury to the defendant and the general public.

*Rein Constr. Co. v. Trumbull Cty. Bd. of Commrs.*, 138 Ohio App.3d 622, 630-631, 741 N.E.2d

979 (Ohio Ct. App. 2000); *see also LCP Holding Co. v. Taylor*, 158 Ohio App.3d 546, 2004-

Ohio-5324, ¶31; *Levine v. Beckman*, 49 Ohio App.3d 24, 548 N.E.2d 267 (Ohio Ct. App. 1988).

In determining whether to grant injunctive relief, courts have recognized that no one factor is

dispositive. *Cleveland v. Cleveland Elec. Illum. Co.*, 115 Ohio App.3d 1, 14, 684 N.E.2d 343

(Ohio Ct. App. 1996) (citing *Royal Appliance Mfg. No. v. Hoover Co.* (N.D. Ohio 1994). These

factors are then to be balanced with the "flexibility which traditionally has characterized the law

of equity." *Id.* Plaintiff's Verified Complaint satisfies all of these criteria. Therefore, injunctive

relief is warranted.

### A.    Chefs' Warehouse has demonstrated a likelihood of success on the merits.

To acquire an interest in land on the basis of a non-exclusive easement by prescription, a

party must establish by clear and convincing evidence that possession of the land was open,

notorious, adverse, hostile, and continuous for more than 21 years. *Rising v. Litchfield Bd. of*

*Twp. Trs.*, 2012-Ohio-2239, ¶ 7; *Wood v. Vil. Of Kipton*, 160 Ohio App.3d 591, 2005-Ohio-

1816, ¶ 13, 828 N.E.2d 173 (9th Dist.). Plaintiff's use of the West 6th Street Exit readily satisfies

all of the elements of Easement by Prescription. Plaintiff is likely to succeed on the merits of its

claim.

7

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

1. The Plaintiff's use of the West 6th Street Exit has been **open and notorious**.

The Plaintiff's use of the West 6th Street has been open and notorious. The attached photos marked Exhibit H indicate some of the open and notorious references to the Plaintiff's use of the West 6th Street Exit for access to the Chefs' Warehouse Site, including signage and asphalt markings. The sign referencing the West 6th Street Exit has been in place for a period exceeding twenty one (21) years. Additionally, the almost daily use of this exit by hundreds of vehicles, including large semis for over twenty one years has provided an ongoing, open and notorious indication of Plaintiff's use of the property. For these reasons and the reasons set forth in greater detail in Plaintiff's Verified Complaint, Plaintiff is likely to succeed in proving it has had open and notorious use of the West 6th Street Exit for a period exceeding twenty-one (21) years.

2. The Plaintiff's use of the West 6th Street Exit has been **adverse and hostile** to Defendant for at least twenty-one (21) years.

"Adverse and hostile" use of property in a claim for easement by prescription means that it is not permissive use by the title owner. It is use and possession that is adverse to the ownership rights of the true owner. *Hinman v. Barnes*, 146 Ohio St. 497, 66 N.E.2d 911 (1946). The use of the land must be without permission in order to be hostile. *Lane v. Kennedy*, 13 Ohio St. 42 (1861). Permission for the use of land may be implied from the facts and circumstances of each case. *Houser v. Proctor*, Erie App. No. E-89-58, (Feb. 15, 1991) (unreported). Here, the Court need not conclude that the adverse and hostile use of Defendant's property by Plaintiff is implied in the facts. Rather, the Defendant provided to Plaintiff a letter dated July 14, 2017 which is attached as Exhibit I. in this letter Defendant concedes that it "has never authorized" the use of its property, including that portion which includes the West 6th Street Exit. The Verified Complaint also indicates that the use of the West 6th Street in question has been in place

8

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

for over twenty one years, more likely around forty or more years. Further, Defendant recently placed concrete barricades upon the West 6th Street Exit, proving unequivocally its position that Plaintiff's use of its property is "adverse" to its own. Therefore, Plaintiff's use of the West 6th Street Exit has been adverse and hostile to Defendant for a period exceeding twenty-one (21) years.

3. The Plaintiff's use of the West 6th Street Exit has been **continuous for at least twenty-one (21) years**.

As Plaintiff indicated in its Verified Complaint, The Chefs' Warehouse Site has operated continuously as a food distribution business for at least forty (40) years. The operators and users of the Site include Plaintiff and the predecessors in title to which it has the privity necessary to sustain a claim for easement by prescription. Hundreds of vehicles per day use the West 6th Street Exit from the Chefs' Warehouse Site, and have done so for at least the past forty (40) years. Plaintiff's use of the West 6th Street Exit has been continuous for a period exceeding twenty-one (21) years and is likely to success on the merits of its claim for easement by prescription.

B. **There is no adequate remedy at law, and an injunction is necessary to avoid irreparable harm.**

In order to reconvene its business operations as required to successfully maintain its business and to ensure that it retains the vendors necessary to its operation, Plaintiff must regain immediate access to the West 6th Street Exit that it used for vehicular access for forty or more years. To do so, it must move the concrete barricades placed on the West 6th Street Exit by Defendant without interference by Defendant and without threat of a trespass action being brought against Plaintiff, its employees, customers, vendors, or other third parties integral to its business. It must also do so without threat that Defendant will replace the barricades or undertake

9

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

some such other endeavor that will cut off Plaintiff's vehicular access and again jeopardize its business.

As detailed in the Verified Complaint, some of Plaintiff's vendors have found the lack of access caused by Defendant to be a legitimate safety hazard for drivers to the Chefs' Warehouse Site. Vendors have articulated an imminent threat of cancelling their business with Plaintiff due to concerns of safety for their drivers. Even with all vendors and operations still underway at the Chefs' Warehouse Site, the operations has suffered a breakdown in efficiency and additional costs to the business, which has relied upon the West 6th Street Exit vehicular access for forty years or more. The circumstances as they currently exist are already causing damage to Plaintiff's business on a daily basis. The loss of some vendors by Plaintiff will be a loss of carefully established and longstanding business relationships that it cannot readily reestablish without significant cost to its business. Any circumstances preventing the prompt reopening of the vehicular access at the West 6th Street Exit to the Plaintiff and its business associates will cause irreparable harm to its business. There is no other adequate remedy at law except for the injunctive relief requested.

**C.      The public interest will be served and others will not be injured by issuing an order restraining Defendant.**

There will be no injury to anyone by the issuance of an order restraining Defendant. To the contrary, the public interest will be better served if Defendant is precluded from interfering with the Plaintiff's removal of the concrete barricades and recommencement of its use of the West 6th Street Exit. It is in the public interest to continue to permit Plaintiff's business to proceed in a manner that it has relied upon for over forty years, and that its current business model depends on. It is in the public interest to allow property owners who have invested in and relied upon their businesses based on certain vehicular access to maintain that access, especially

10

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

in circumstances where Plaintiff has a right to such access on the basis of an easement by prescription. Further, Defendant has operated its adjacent railroad line for decades without harm to its operations as a result of Plaintiff's use of the West 6th Street Exit. Plaintiff's immediate use of the West 6th Street Exit is in the public interest, and no other parties will be injured by the issuance of an order restraining Defendant from interfering with Plaintiff's use of it.

## III.    CONCLUSION

This request for injunctive relief via a temporary restraining order and preliminary and permanent injunction is based on Plaintiff's claim for an easement by prescription on the West 6th Street Exit portion of Defendant's parcel -208. Plaintiff is likely to succeed on the merits of that claim, Plaintiff will experience irreparable harm if injunctive relief is not granted, there is no other adequate remedy at law, it is in the public interest to allow a business to maintain its vehicular access that it has relied upon for decades, and the vehicular access imposed no harm on Defendant at any time during the forty-plus years that it has been occurring and will not impose harm on Defendant at this time. Based on the foregoing, Plaintiff Chefs' Warehouse respectfully requests that the Court grant its motion and issue an order preliminarily and permanently enjoining Defendant from interfering with Plaintiff's removal of the barricades from the West 6th Street Exit, and Plaintiff's subsequent and ongoing use of the West 6th Street Exit for vehicular access from the Chefs' Warehouse Site.

11

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX NO. (513) 721-4268

Respectfully submitted,

Timothy M. Burke      (0009189)
Kathleen F. Ryan      (0090039)
Micah E. Kamrass      (0092756)
Attorneys for Plaintiffs-Appellants
Manley Burke, LPA
225 W. Court Street
Cincinnati, Ohio 45202
Telephone: (513) 721-5525
Telefax:  (513) 721-4268
Email:  tburke@manleyburke.com
        kryan@manleyburke.com
        mkamrass@manleyburke.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Temporary Restraining Order,

Preliminary and Permanent Injunction is being sent by U.S. mail to the Service List below this

_____ day of August, 2017.

Kathleen F. Ryan      (0090039)

**Service List:**

CSX Transportation, Inc.
c/o CT Corporation System
4400 Easton Commons Way Suite 125
Columbus, OH 43219

CSX Transportation, Inc.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

Jeff Everett
Property Management Specialist
CSX Transportation, Inc.
6737 Southpoint Drive South, J-180
Jacksonville, FL 32216

Baltimore & Ohio Railroad Company
500 Water Street
Jacksonville, FL 32202

N:\CLIENTS\Chefs' Warehouse\Pleadings\Chefs Whse v CSX.Mtn for TRO Pre Inj.8-18-17.FINAL.KFR.docx

12

**MANLEY BURKE**
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268









PLAINTIFF'S
EXHIBIT
H 2



PLAINTIFF'S EXHIBIT 3

Blumberg No. 5113



**CSX**
**TRANSPORTATION**
Jeff Everett
Property Management Specialist

6737 Southpoint Drive South, J-180,
Jacksonville, FL 32216
Phone: 904-279-3947

JEFF_EVERETT@CSX.COM

07/14/2017

THE CHEFS WAREHOUSE
619 LINN ST
CINCINNATI, OH 45203

    **Re:**    Property owned or controlled by CSX Transportation, Inc. (CSXT) at or near 619 Linn St in Cincinnati, OH (the "Property")

Dear Owner:

    In connection with railroad property at or near 619 Linn St, CSXT has sited that several unauthorized tractor trailers are currently using CSXT property for ingress/egress to the property located at 619 Linn St. CSXT **has never authorized** the use of this property. CSXT has experienced issues with a cable being knocked down at this location due to the unauthorized use of CSXT property. Enclosed for reference is an aerial map detailing your unauthorized access to, and use of, the Property.

    CSXT hereby demands that you immediately stop the use of the property.

    CSXT expressly reserves all legal, equitable, and statutory rights and remedies with respect to your trespass and unauthorized use of the Property and any harm resulting therefrom, including any and all applicable civil remedies and criminal penalties.

    Sincerely,

    Jeff Everett



PLAINTIFF'S
EXHIBIT



PLAINTIFF'S EXHIBIT

Blumberg No. 5113





PLAINTIFF'S
EXHIBIT
33

Blumberg No. 5113



